UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__6/3/2020__
```

EVA'S PHOTOGRAPHY, INC.,

                    Plaintiff,

        -against-

ALISA, LLC,

                    Defendant.

1:20-cv-01617-MKV

ORDER GRANTING
DEFAULT JUDGMENT

MARY KAY VYSKOCIL, United States District Judge:

        The Court held a hearing on Plaintiff's unopposed Motion for Default Judgment [ECF No. 10] on June 2, 2020.  Counsel for Plaintiff was in attendance.  There was no appearance on behalf of Defendant, nor has there been at any point in this action.  During the hearing, the Court addressed the factual evidence presented by the Plaintiff in connection with its Motion and noted the deficiencies therein, specifically with respect to the total lack of evidence of Defendant's purported gains.  The Plaintiff stated that if the Court were to order an inquest on damages, it would have no additional evidence to offer beyond that which was submitted in the declarations in support of its Motion.

        "The Copyright Act grants courts discretion in calculating the actual damages sustained by a prevailing party, as long as the claim is reasonable according to typical market values." *Romanowicz v. Alister & Paine, Inc.*, No. 17-cv-8937-PAE-KHP, 2018 WL 4762980, at *4 (S.D.N.Y. Aug. 3, 2018) (citing *Sheldon v. Plot Commerce*, No. 15-cv-5885-CBA-CLP, 2016 WL 5107072, at *14 (E.D.N.Y. Aug. 26, 2016)), *report and recommendation adopted*, No. 17-cv-8937-PAE-KHP, 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018).  To determine actual damages in a copyright action under 17 U.S.C. § 504(b), courts in this district often approximate lost licensing fees based on the "the market value of the fee the owner was entitled to charge for such

use." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 165 (2d Cir. 2001).  That fair market value "is not of the highest use for which plaintiff might license but the use the infringer made."  *On Davis*, 246 F.3d at 166 n. 5.

As evidence of the fair market value of a license for the copyrighted photo that Defendant allegedly infringed, Plaintiff provided an attachment to a declaration showing the amounts for which that photo had been licensed in the past.  *See* ECF No. 12, Exh. A.  This image shows 18 licenses for amounts ranging from $147 (for a German celebrity news website) up to $2500 for People Magazine.  The average value of these 18 licenses is approximately $539.  Plaintiff, however, asserts that it is entitled to the maximum amount of its previous compensation, or $2500 in actual damages.  ECF No. 13 at ¶ 4.

Plaintiff's Statement of Damages [ECF No. 13 at ¶ 5] takes completely out of context the Second Circuit's instruction that the term "actual damages" in 17 U.S.C. § 504(b) should be "broadly construed to favor victims of infringement."  *On Davis*, 246 F.3d at 164.  This statutory analysis was an argument for the use of hypothetical license fees as a measure of damages in the first place, not a justification for gifting copyright owners with a windfall.  To the contrary, the court went on to say that a "reasonable license fee" is one "on which a willing buyer and a willing seller would have agreed for the use taken by the infringer."  *Id.* at 167.  To use the Second Circuit's own example: the "infringing use of a Mickey Mouse image for a single performance of a school play before schoolchildren, teachers and parents with tickets at $3, the fair market value would not be the same as the fee customarily charged by the owner to license the use of this image in a commercial production."  *Id.* at 166 n. 5.

According to the Complaint [ECF No. 1] and statements made by Plaintiff at the hearing, the alleged infringer is boutique clothing store in New York City, and the copyrighted photo was posted to Defendant's Instagram account on one occasion.  Defendant's single use is therefore a

far cry from that of People Magazine - closer to a school play than a commercial production.

Accordingly, the Court finds that the Defendant, were it a reasonable buyer, would have been

highly unlikely to pay $2,500 for use of the copyrighted photograph.  More importantly, the fact

that all but three of the licenses granted by Plaintiff were for $500 or less shows that Plaintiff

would very likely have accepted well under $2,500 for the Defendant's use.  Even driving a hard

bargain, it is difficult to imagine that Plaintiff would have secured more than $1,000 in a

transaction with Defendant.

Of course, actual damages are only one component of an award under 17 U.S.C. §

504(b).  Plaintiff may also be awarded "any profits of the infringer that are attributable to the

infringement and are not taken into account in computing the actual damages."  Id.  However,

there is a complete lack of proof from which the Court can make any sort of reasonable

calculation or award Plaintiff anything more than its actual damages.  Where copyright holders

fail to provide such evidence, the court may decline to award them anything for the infringers'

profits.  *See Romanowicz*, 2018 WL 4762980, at *6 (declining to award anything for infringer's

profits absent sufficient evidence); *see also Pasatieri v. Starline Prods., Inc.*, No. 18-cv-4688-

PKC-VMS, 2020 WL 207352, at *5 (E.D.N.Y. Jan. 14, 2020) (same).  The Court recognizes that

the type of evidence relevant to the infringer's profits is most likely in the possession of the

Defendant, who has not appeared in this action.  However, this does not absolve Plaintiff of his

statutory responsibility to make an evidentiary showing of the infringer's profits under 17 U.S.C.

§ 504(b) or otherwise enable the court to make a reasonable estimate.[1]  *See Pasatieri*, 2020 WL

---

[1] Defendant's failure to litigate this case and subsequent default does not leave Plaintiff without
any recourse beyond its actual damages.  Copyright holders may always choose to seek statutory
damages under 17 U.S.C. § 504(c) if they are concerned about their ability to prove actual
damages or the infringers' profits. *See*, *Oppenheimer v. Johnson*, No. 1:19-cv-240-MR, 2020
WL 1923162, at *2 n. 2 (W.D.N.C. Apr. 21, 2020) ("Ordinarily, statutory damages are more
appropriate than actual damages where a defendant has defaulted) (collecting cases).

207352, at *5 (recognizing Defendant's default but declining to award profits).   Accordingly, Plaintiff's damages award will be limited to its actual damages.

THEREFORE, upon consideration of the Plaintiff's motion for default judgment under Rule 55.2(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55.2; the declaration of Richard Liebowitz and exhibits attached thereto; the declaration of Elder Ordonez and exhibits attached thereto; Plaintiff's Statement of Damages; and all prior papers and proceedings filed herein, it is hereby ORDERED, ADJUDGED, and DECREED that:

- default judgment as to liability for copyright infringement under 17 U.S.C. § 501 be entered against Defendant Alisa, LLC;

- Defendant is to pay $1000 in actual damages under 17 U.S.C. § 504(b) for copyright infringement;

- Defendant is to pay $2550 in attorneys' fees under the Court's inherent power and $440.00 in costs under Fed. R. Civ. P. 54(d)(1);

- Defendant is to pay post-judgment interest under 28 U.S.C.A. § 1961;

- the Court retains jurisdiction over any matter pertaining to this judgment; and

- this case is dismissed and the Clerk of the Court is respectfully requested to close the case.

**SO ORDERED.**

Date:  June 3, 2020
New York, NY

**MARY KAY VYSKOCIL**
**United States District Judge**